UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Magnifi Financial Credit Union, | Case No. 25-cv-708 (PJS/DJF) |
| Plaintiff, | |
| v. | REPORT AND RECOMMENDATION |
| Matthew Charles Paczkowski, | |
| Defendant. | |

On December 4, 2024, Plaintiff Magnifi Financial Credit Union ("Magnifi") filed a one-count Complaint in replevin against Defendant Matthew Charles Paczkowski to recover personal property in the State of Minnesota, County of Waseca. (ECF Nos. 1-2; 1-4.) The public record reflects that Magnifi served Mr. Paczkowski with a copy of the Complaint on November 30, 2024. *Magnifi Financial Credit Union v. Matthew Charles Paczkowski*, 81-CV-24-860 (Minn. Dist. Ct.) (the "State Action") (Index No. 2).[1] On January 2, 2025, Mr. Paczkowski filed an Answer and Counterclaim in the State Action dated December 12, 2024. (ECF No. 2.) He brought counterclaims against Magnifi for violation of the Fair Debt Collection Practices Act, breach of contract, unjust enrichment, "failure to provide proof of debt," and "improper debt collection." (*Id.* at 2-3.) He did not assert counterclaims against any other party in his Answer and Counterclaim. (*Id.*)

Mr. Paczkowski initiated the action now before this Court on February 24, 2025 (the "Federal Action") by filing a self-styled "Notice of Removal to Federal Court and Amended

---

[1] The Court may take judicial notice of documents filed in the State Action. *See, e.g., Nishida v. Segal*, No. 23-cv-1293 (PJS/DJF), 2024 WL 1722371, at *1 n.3 (D. Minn. March 21, 2024) (finding the Court may take judicial notice of public records from other court cases).

Counterclaim" ("Notice of Removal").  (ECF No. 1.)  Mr. Paczkowski identified himself in his Notice of Removal as "Petitioner," with both Magnifi and the previously unnamed Federal Reserve Bank of Minneapolis ("Federal Reserve Bank") identified as "Respondents".  (*Id.*)  He further filed, as an attachment to his Notice of Removal, a purported "USDC Complaint" under the court file numbers in both the State Action and the Federal Action, identifying himself as "Petitioner" and Magnifi and the Federal Reserve Bank as "Respondents."  (ECF No. 1-1.)  Mr. Paczkowski alleges the Court has subject matter jurisdiction to hear this action based both on federal question and diversity under 28 U.S.C. §§ 1331 and 1332.  (ECF No. 1 at 8.)  For the reasons given below, the Court finds Mr. Paczkowski has not satisfied his burden to plead subject matter jurisdiction and recommends this case be remanded to the state court.

## ANALYSIS

### I.       Subject Matter Jurisdiction

Federal courts have an obligation to inquire into subject matter jurisdiction, even if no party raises the issue.  *See Arbaugh v. Y&H Corp.,* 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.,* 526 U.S. 574, 583 (1999)); *Oglala Sioux Tribe v. Fleming*, 904 F.3d 603, 609 (8th Cir. 2018) (citation omitted); *Reece v. Bank of New York Mellon*, 760 F.3d 771, 777 (8th Cir. 2014) (citation omitted).  Subject matter jurisdiction is a threshold requirement for federal court litigation.  *See, e.g., Sinochem Int'l Co. v. Malaysia Int'l Shipping Corp.*, 549 U.S. 422, 430–31 (2007) (citing *Steel Co. v. Citizens for Better Env't*, 523 U.S. 83, 94 (1998)).  "The party invoking jurisdiction bears the burden of proof that the prerequisites to jurisdiction are satisfied." *Ahmed v. GCA Prod. Servs., Inc.,* 249 F.R.D. 322, 324 (D. Minn. 2008) (citing *In re Bus. Men's Assurance Co.,* 992 F.2d 181, 183 (8th Cir. 1993)).

Subject matter jurisdiction must be established by showing either a basis for diversity jurisdiction under 28 U.S.C. § 1332, or federal question jurisdiction under 28 U.S.C. § 1331. *Arkansas Blue Cross Blue Shield v. Little Rock Cardiology Clinic, P.A.*, 551 F.3d 812, 816 (8th Cir. 2009). Under 28 U.S.C. § 1332(a)(1), "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000 … and is between … citizens of different States[.]" Federal question jurisdiction under U.S.C. § 1331, "is raised in 'those cases in which a well-pleaded complaint establishes either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law.'" *Peters v. Union Pac. R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996) (quoting *Franchise Tax Bd. V. Construction Laborers Vacation Trust*, 463 U.S. 1, 27-28 (1983)).

Removal is appropriate only when federal subject matter jurisdiction exists over the original claim; or, alternatively, when a party removes a case within 30 days of the action becoming removable. *See Ahmed v. GCA Prod. Servs., Inc.*, 249 F.R.D. 322, 324 (D. Minn. 2008) (citing *Peters v. Union Pac. R.R. Co.*, 80 F.3d 257, 260 (8th Cir. 1996)); 28 U.S.C. § 1446(b)(3). "A defendant may remove a state court claim to federal court only if the claim originally could have been filed in federal court…." *Gore v. Trans World Airlines*, 210 F.3d 944, 948 (8th Cir. 2000) (citing *Caterpillar Inc. v. Williams*, 482 US. 386, 392 (1987); *see also Home Depot U. S. A., Inc. v. Jackson*, 587 U.S. 435, 441 (2019) ("This Court has long held that a district court, when determining whether it has original jurisdiction over a civil action, should evaluate whether that action could have been brought originally in federal court." (citations omitted). "It is well-established that a defendant cannot remove based on a counterclaim." *Duckson, Carlson, Bassinger, LLC v. Lake Bank, N.A.*, 139 F. Supp. 2d 1117, 1118 (D. Minn.

2001) (citations omitted). "The district court is required to resolve all doubts about federal jurisdiction in favor of remand." *Transit Cas. Co. v. Certain Underwriters at Lloyd's of London*, 119 F.3d 619, 625 (8th Cir. 1997) (citations omitted).

Here, the Court examines jurisdiction solely based on the parties and claims asserted in the original state court Complaint; not Mr. Paczkowski's self-styled Notice of Removal. *See Al-Cast Mold & Pattern, Inc. v. Perception, Inc.*, 52 F. Supp. 2d 1081, 1083 (D. Minn. 1999) (holding counterclaims do not determine jurisdiction) (citations omitted). Removal is not appropriate in this case because Magnifi's Complaint does not establish federal subject matter jurisdiction. First, diversity jurisdiction does not exist because the Complaint only names two parties: Mr. Paczkowski and Magnifi. The state court Complaint contains no allegation regarding the citizenship of either party, while Mr. Paczkowski alleges both parties are citizens of Minnesota. (*See* ECF Nos. 1-1 at 3 and 1-2.) Instead, Mr. Paczkowski attempts to establish diversity based on his allegation that the Federal Reserve Bank is a citizen of Washington, D.C. (*See* ECF Nos. 1 at 8 and 1-1 at 3.) But as a threshold matter, the Federal Reserve Bank is not named as a party in *any pleading* filed in the State Action (not even in Mr. Paczkowski's Answer and Counterclaim). Moreover, diversity jurisdiction exists only if *all* defendants hold citizenship in states other than the plaintiff's state of citizenship. *See* 28 U.S.C. § 1332(a)(1); *Junk v. Terminix Int'l Co.*, 628 F.3d 439, 445 (8th Cir. 2010) ("Subject matter jurisdiction asserted under 28 U.S.C. § 1332 may be maintained only where there is complete diversity, that is where no defendant holds citizenship in the same state where any plaintiff holds citizenship.") (quotations and citations omitted). Mr. Paczkowski therefore fails to adequately plead diversity jurisdiction in this case.

Second, the Complaint does not establish federal question jurisdiction because it alleges only a single claim for replevin, which arises under state law. (ECF No. 1-2.) And state law claims establish no basis for federal question jurisdiction. *See Central Iowa Power Co-op v. Midwest Indep. Transmission Operator*, 561 F.3d 904, 912 (8th Cir. 2009) (finding that removal based on federal question jurisdiction is based on the "well pleaded complaint rule" and that "[d]efendants are not permitted to inject federal question into an otherwise state-law claim and thereby transform the action into one arising under federal law.") (quotations and citations omitted)). Mr. Paczkowski's attempt to manufacture federal subject matter jurisdiction by injecting federal questions into this relatively simple replevin case and asserting a putative counterclaim against the Federal Reserve Bank fails for these reasons.

**II.     Untimeliness**

In addition to its jurisdictional defects, Mr. Paczkowski's Notice of Removal is untimely. Under 28 U.S.C. § 1446, a defendant's notice of removal must be filed in federal court within 30 days after service of the complaint or within 30 days of his receipt of "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. 1446(b)(3). Magnifi served Mr. Paczkowski with its Complaint on November 30, 2024—well more than 30 days before he filed his Notice of removal—and there is no record in the State Action of any amended pleading, motion, order or other document served on Mr. Paczkowski in that case establishing removability. Moreover, this delay is not without consequence. In the intervening months, Mr. Paczkowski filed numerous motions, notices, affidavits and discovery requests in the State Action (*see* State Action Index Nos. 15, 17, 21, 22, 24, 25, 26, 27, 31, 32, 34, 36 and 53.) In addition, Magnifi filed a Motion for Summary Judgment, which is scheduled for a hearing in the state court on March 12, 2025.

(*See* State Action Index Nos. 45 and 47.) By filing his Notice of Removal, Mr. Paczkowski attempts to derail state court proceedings that are already well under way. To allow removal at this juncture would not only be improper under the removal statute, but prejudicial to Magnifi and grossly inefficient.

## RECOMMENDATION

Based on the foregoing, and on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED THAT** this action be **REMANDED**.

Dated: February 28, 2025            *s/ Dulce J. Foster*
                                    Dulce J. Foster
                                    United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.

Under Local Rule 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation. A party may respond to those objections within 14 days after being served a copy of the objections. *See* Local Rule 72.2(b)(2). All objections and responses must comply with the word or line limits set forth in Local Rule 72.2(c).